No. 23-10319

# In the United States Court of Appeals for the Fifth Circuit

---

WILLIAM T. MOCK; CHRISTOPHER LEWIS;
FIREARMS POLICY COALITION, INCORPORATED, a nonprofit corporation;
MAXIM DEFENSE INDUSTRIES, L.L.C.,

*Plaintiffs-Appellants,*

v.

MERRICK GARLAND, U.S. Attorney General, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; STEVE DETTELBACH, in his official capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives,

*Defendants-Appellees.*

---

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
Case No. 4:23-cv-00095-O

---

**PLAINTIFFS-APPELLANTS' OPPOSED MOTION
FOR CLARIFICATION OF INJUNCTION PENDING APPEAL**

---

| | |
|---|---|
| Cody J. Wisniewski | Erik S. Jaffe |
| FPC ACTION FOUNDATION | *Counsel of Record* |
| 5550 Painted Mirage Road, Suite 320 | Joshua J. Prince |
| Las Vegas, NV 89149 | SCHAERR | JAFFE LLP |
| Telephone: (916) 517-1665 | 1717 K Street NW, Suite 900 |
| Facsimile: (916) 476-2392 | Washington, DC 20006 |
| cwi@fpchq.org | Telephone: (202) 787-1060 |
| | Facsimile: (202) 776-0136 |
| | ejaffe@schaerr-jaffe.com |
| | jprince@schaerr-jaffe.com |

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF INTERESTED PERSONS

No. 23-10319

*William T. Mock, et al. v. Merrick Garland, et al.*

I certify that the following persons and entities as described in the fourth sentence of Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made so the judges of this Court may evaluate possible disqualification or recusal:

1) **Plaintiffs-Appellants:**

   William T. Mock

   Christopher Lewis

   Maxim Defense Industries, LLC, a limited liability company, is a wholly owned subsidiary of Maxim Defense Group, Inc., a Florida S-Corp. Maxim Defense Group, Inc., has no parent corporation and there is no publicly held corporation that owns 10% or more of its stock.

   Firearms Policy Coalition, Inc., a nonprofit corporation, has no parent corporation and there is no publicly held corporation that owns 10% or more of its stock.

2) **Defendants-Appellees:**

   Merrick Garland, in his official capacity as Attorney General of the United States

   United States Department of Justice

   Steve Dettelbach, in his official capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives

   Bureau of Alcohol, Tobacco, Firearms and Explosives

3)  **Counsel for Plaintiffs-Appellants**:

    COOPER & SCULLY PC
    R. Brent Cooper
    Benjamin David Passey

    FPC ACTION FOUNDATION
    Cody J. Wisniewski

    SCHAERR | JAFFE LLP
    Erik S. Jaffe
    Joshua J. Prince

4)  **Counsel for Defendants-Appellees**:

    Brian M. Boynton
    Brigham J. Bowen
    Benjamin Lewis
    Sean Janda
    Jody Dale Lowenstein
    Michael Drezner
    Taylor Pitz
    Faith E. Lowry

    United States Department of Justice

    */s/ Erik S. Jaffe*
    Erik S. Jaffe

    *Counsel of Record for*
    *Plaintiffs-Appellants*

Earlier today this Court granted Appellants' motion for an injunction pending appeal "as to the Plaintiffs in this case." ECF No. 52-2 (Appendix A attached). Appellants respectfully request clarification before the Final Rule goes into effect on May 31, 2023, as to the scope of that injunction to avoid any inadvertent violations of the Final Rule by persons who are uncertain if they are protected by the injunction. The government opposes this motion and plans to file an opposition.

In their motion for an injunction pending appeal, Appellants noted that relief as to Maxim Defense, but excluding its customers and intermediaries, would not allow Maxim Defense to sell braced pistols via federal firearms licensees ("FFLs") to its customers. Mot. 21-22 (ECF No. 25-1); *accord* App. 139-143, 233 (ECF No. 26). Maxim Defense thus requests clarification whether relief as to the Plaintiffs includes injunctive relief for those individuals who purchase or accept transfer of braced pistols from Maxim Defense, those FFLs necessary to facilitate transfer, and those FFLs that stock and sell Maxim Defense's braced pistols (*i.e.*, Maxim Defense's customers and intermediaries) such that Maxim Defense may continue with sales in compliance with existing federal firearms law as it did prior to the publication of the Final Rule. App. 141 (ECF No. 26) ("[A]n injunction limited to Maxim Defense will not afford Maxim Defense any practical relief.").

Similarly, Appellants noted that Individual Plaintiffs' family members could face constructive possession charges by being in the same house as Individual

Plaintiffs. Mot. 22 (ECF No. 25-1). Appellants thus request clarification whether relief extends to family members who might be present in the house with Individual Plaintiffs possessing braces or braced pistols.

Finally, Plaintiff FPC filed this lawsuit on behalf of its members, and noted that its individual and business members face comparable risks and restrictions to Maxim Defense and Individual Plaintiffs, all of who are members of FPC. Mot. 22 (ECF No. 25-1); *accord* App. 142 (ECF No. 26) ("FPC brings this suit on behalf of [its] members to vindicate its members' constitutionally and statutorily protected rights."). Appellants thus request clarification as to whether the injunction extends to Plaintiff FPC's existing members.

Absent such clarification before the time when the Final Rule goes into effect, many persons interacting or residing with Appellants, as well as members and customers of the organizational Appellants, risk inadvertent violation of the Final Rule and potential prosecution, and Appellants themselves will be unsure of the scope of the relief provided and how they can act to mitigate their otherwise irreparable injuries.

Respectfully submitted,

*/s/ Erik S. Jaffe*
Erik S. Jaffe
  *Counsel of Record*
Joshua J. Prince
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
ejaffe@schaerr-jaffe.com
jprince@schaerr-jaffe.com

Cody J. Wisniewski
FPC ACTION FOUNDATION
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149
Telephone: (916) 378-5785
Facsimile: (916) 476-2392
cwi@fpchq.org

*Counsel for Plaintiffs-Appellants*

Dated:  May 23, 2023

3

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d) and 5th Cir. R. 25.2.5, I hereby certify that on May 23, 2023, I electronically filed the foregoing motion for clarification with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system, which will accomplish service on counsel for all parties through the Court's electronic filing system.

*/s/ Erik S. Jaffe*
Erik S. Jaffe

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 23, 2023, counsel for Plaintiffs-Appellants conferred with counsel for Defendants-Appellees, about the foregoing motion. Defendants-Appellees oppose the relief requested in this motion and will file an opposition.

*/s/ Erik S. Jaffe*
Erik S. Jaffe

Dated: May 23, 2023

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type volume limitation of Fed. R. App. P. 27(d)(2) because it contains 423 words.

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Additionally, I certify that (1) any required redactions have been made in compliance with 5th Cir. R. 25.2.13; and (2) the document has been scanned with the most recent version of Microsoft Defender virus detector and is free of viruses.

*/s/ Erik S. Jaffe*
Erik S. Jaffe

Dated: May 23, 2023

# APPENDIX A

# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

May 23, 2023

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

   No. 23-10319   Mock v. Garland
                  USDC No. 4:23-CV-95

Enclosed is an order entered in this case.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Lisa E. Ferrara, Deputy Clerk
                        504-310-7675

Mr. Ryan Baasch
Mr. Richard Brent Cooper
Mr. Erik Scott Jaffe
Mr. Sean Janda
Mr. Benjamin Lewis
Mr. Jody Dale Lowenstein
Ms. Karen S. Mitchell
Mr. Joshua James Prince
Mr. Stephen Dean Stambouliegh
Mr. Cody J. Wisniewski
Ms. Abby Christine Wright

P.S. to all counsel: An expedited briefing schedule will issue under separate cover. Paper copies of all briefs will be due for filing immediately after electronic filing.

# United States Court of Appeals for the Fifth Circuit

_____

No. 23-10319
_____

William T. Mock; Christopher Lewis; Firearms Policy Coalition, Incorporated, *a nonprofit corporation*; Maxim Defense Industries, L.L.C.,

*Plaintiffs—Appellants*,

*versus*

Merrick Garland, *U.S. Attorney General, in his official capacity as Attorney General of the United States*; United States Department of Justice; Bureau of Alcohol, Tobacco, Firearms, and Explosives; Steven Dettelbach, *in his official capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-95

_____

UNPUBLISHED ORDER

Before Haynes,[1] Engelhardt, and Oldham, *Circuit Judges*.

---

[1] Judge Haynes concurs only in part: she concurs in the order of an expedited appeal. With respect to the request for a preliminary injunction pending appeal, as a member of the motions panel, she would grant an administrative stay to the plaintiffs in this case as to the

No. 23-10319

Per Curiam:

IT IS ORDERED that the appeal is EXPEDITED to the next available Oral Argument Calendar.

IT IS FURTHER ORDERED that Appellants' Opposed Motion For a Preliminary Injunction Pending Appeal is GRANTED as to the Plaintiffs in this case. *See* Fed. R. App. P. 8; *Nken v. Holder*, 556 U.S. 418 (2009).

---

challenged Final Rule for a brief period of time and defer the question of the injunction pending appeal to the oral argument merits panel which receives this case.